# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | | |
|---|---|---|
| JOHN D RENNER, II, | ) | CASE NO. 5:18 CV 1669 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by John D. Renner, II under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits.[2] While substantial evidence supports the ALJ's no disability finding up to June 16, 2016, the ALJ's RFC findings regarding Renner's ability to stand or walk for six hours in an eight-hour work day after June 16, 2016 lack substantial evidence. The ALJ's decision is, therefore, affirmed in part and reversed and remanded in part.

## Issue Presented

This case presents a single issue for decision:

---

[1] ECF No. 8. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

- The ALJ found that Renner possessed the residual functional capacity ("RFC") to perform light work, standing or walking six hours in an eight-hour work day.[3] Does substantial evidence support that finding?

**Analysis**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[4]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[3] ECF No. 6, Transcript ("Tr.") at 21.
[4] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

2

Commissioner survives "a directed verdict" and wins.[5] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[6]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

The issue presented is whether substantial evidence supports the ALJ's RFC finding that Renner can perform light work, standing or walking for six hours in an eight-hour work day. Up through the date of the state agency reviewing physicians' opinions on reconsideration, May 9, 2016, the answer is a clear "yes." On June 16, 2016, Renner saw neurologist Dr. Betsy Garratt.[7] Dr. Garratt noted bilateral loss of sensation below the knees and an antalgic gait.[8] She diagnosed peripheral neuropathy.[9] After an EMG test, Dr. Garratt diagnosed "moderate chronic sensory and motor axonal peripheral polyneuropathy."[10] She did not offer any opinion on limitations.

Substantial evidence supports the ALJ's decision up to June 16, 2016, when Renner was examined by Dr. Garratt. Whether Garratt qualifies as a treating source has not been argued by either party,[11] but her diagnosis is an opinion on the severity of Renner's

---

[5] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[6] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[7] Tr. at 877-82.
[8] *Id.* at 880.
[9] *Id.* at 881.
[10] *Id.* at 890.
[11] *See* ECF Nos. 10, 14-15. Dr. Garratt's treatment notes reflect a total of two office visits – one in June 2016 and one in October 2016. *Id.* at 877-87. While Renner's charts refer to Dr. Garratt as a treating physician (ECF No. 11 at 7), Renner's briefs are silent on this

3

impairment based on objective medical testing. The ALJ recognized Dr. Garratt's evaluation but did not analyze it or weight it.[12] In fact, the only mention of Dr. Garratt's examinations and testing consists of a single sentence: "The claimant received a neurology evaluation, in July 2016, and his examination was consistent with peripheral neuropathy."[13]

The ALJ does not dismiss or criticize Dr. Garratt's evaluation; she merely notes it without meaningful comment.[14] She fails to build a logical bridge between the severity of Renner's impairments after June 16, 2016 and the absence of any limitations on standing and walking before that date.

Dr. Garratt's treatment records at the very least support the position that Renner's impairments significantly worsened as of the date of examination and, absent any contrary evidence articulated by the ALJ, tip the scales in Renner's favor. Remand is required for proper consideration and discussion of Dr. Garratt's treatment records and objective medical testing by the ALJ.

## Conclusion

While substantial evidence supports the ALJ's no disability finding up to June 16, 2016, the ALJ's RFC finding regarding Renner's ability to stand or walk for six hours in an eight-hour work day after June 16, 2016 lacks substantial evidence. The ALJ's decision

---

issue. ECF Nos. 10, 15. Renner grounds his criticism of the ALJ's decision on a lack of substantial evidence, and not on the ALJ's characterization (or lack thereof) of Dr. Garratt. *Id.*
[12] Tr. at 22-24.
[13] *Id.* at 22-23.
[14] *Id.*

4

is, therefore, affirmed in part and reversed and remanded in part. On remand, the ALJ must properly analyze and consider the treatment notes of Dr. Garratt.

IT IS SO ORDERED.

Dated: July 30, 2019                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge